Jesse E. ROBINSON, Appellant (Plaintiff below),

v.

STATE of Indiana, Appellee (Defendant below).

No. 45S03–0307–PC–314.

Supreme Court of Indiana.

March 10, 2004.

Jesse E. Robinson, Appellant Pro Se.

Steve Carter, Attorney General of Ind., Zachary J. Stock, Deputy Attorney General, Attorneys for Appellee.

John F. Sievers, Chairman, Stephen J. Johnson, Exec. Dir., Ind. Prosecuting Attorneys Council, Larry Landis, Exec. Dir., Ind. Public Defender Council, Amici Curiae.

DICKSON, Justice.

Upon his 1986 jury verdict and conviction for attempted murder, the defendant, Jesse E. Robinson, was sentenced to a term of thirty years. The judgment was affirmed on direct appeal. *Robinson v. State*, 525 N.E.2d 605 (Ind.1988). In 1989 the defendant filed a pro se petition for post conviction relief (PCR) and thereafter requested and received waiver of representation by the Indiana Public Defender. The defendant withdrew his PCR petition in 1995. In 2002, he filed a motion to correct sentence asserting that the trial court's sentence improperly failed to award both credit for time served and credit time. The trial court summarily denied the motion. The Court of Appeals initially reversed this judgment. *Robinson v. State*, 783 N.E.2d 1206 (Ind.Ct.App. 2003). On rehearing, however, it withdrew its previous opinion and affirmed the trial court. *Robinson v. State*, 789 N.E.2d 965 (Ind.Ct.App.2003). Because of the need to address recurring issues regarding pre-sentence credit time and the availability of recourse to challenge its omission, we granted transfer, vacating both prior opinions of the Court of Appeals pursuant to Indiana Appellate Rule 58(A), and invited *amicus curiae* briefs. We affirm the trial court, noting that its judgment does include credit for both days spent in presentence confinement and for Class I credit time earned thereby.

In this appeal from the denial of his motion to correct sentence, the defendant contends that "it is clear upon the face of the abstract of judgment that the trial court did not properly credit Robinson's sentence with time served and credit time for the 187 days of imprisonment awaiting trial or sentencing." Br. of Appellant at 4. He argues that he is entitled to a trial court judgment expressly awarding credit not only for the 187 days of imprisonment before sentencing but also for an additional equal amount of credit time for a total of 374 days of credit.

This appeal presents two questions: (1) whether the defendant may challenge the award of credit time by means of a motion to correct erroneous sentence, and (2) if so, whether the sentence in this case was erroneous for failing to award credit for both time served and credit time.

## 1. Motion to Correct Sentence

■ The defendant's motion to correct sentence derives from Indiana Code § 35–38–1–15 which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind.1991). In *Thompson v. State*, we declined to limit a defendant to the remedy provided by the Indiana Post–Conviction Rules and stated:

By allowing a defendant either avenue in forwarding his sentencing error, judicial time and effort may be conserved while justice is speedily and efficiently afforded those convicted of crime. When a defendant wishes to question only the propriety of his sentence, he may utilize the vehicle of [now Indiana Code § 35–38–1–15]. This vehicle is available to a defendant whether or not a guilty plea has been filed. Of course, the defendant may also file, within sixty days of sentencing, a motion to correct errors and designate an erroneous sentence as the complained of error. But, there is nothing in the statute which should preclude a defendant from raising the issue of an erroneous sentence at a time after sixty days have elapsed.

270 Ind. 677, 679, 389 N.E.2d 274, 276 (1979).[1] We held that a motion to correct sentence would not preclude the defendant from filing a later petition for post-conviction relief where warranted. *Id.*

■■■■ When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A).[2] *See Thompson v. State,* 270 Ind. 677, 679–80, 389 N.E.2d 274, 276–77 (1979). Thereafter, for claims not waived for failure to raise them by direct appeal, a defendant may seek recourse under Indiana Post–Conviction Rule 1,

§ 1(a)(3) by claiming "that the sentence exceeds the maximum authorized by law, or is otherwise erroneous." As noted above, however, we have recognized the statutory motion to correct sentence as an alternate remedy. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000); *Reffett v. State,* 571 N.E.2d 1227, 1228–29 (Ind.1991); *Jones v. State,* 544 N.E.2d 492, 496 (Ind. 1989); *Gee v. State,* 508 N.E.2d 787, 788 (Ind.1987); *Thompson,* 270 Ind. at 679–80, 389 N.E.2d at 276. A trial court's ruling on a motion to correct sentence is subject to appeal by normal appellate procedures. *Thompson,* 270 Ind. at 680, 389 N.E.2d at 276–77.

While the motion to correct sentence is available as an alternate remedy, we have repeatedly cautioned that it is appropriate only when the sentence is "erroneous on its face." *Mitchell,* 726 N.E.2d at 1243; *Reffett,* 571 N.E.2d at 1229; *Jones,* 544 N.E.2d at 496. We acknowledge that some of our decisions may not have rigorously applied the "erroneous on its face" standard. In *Jones,* we stated that the motion to correct sentence could be used to correct errors such as "illegal sentences in violation of express statutory authority or an erroneous interpretation of a penalty provision of a statute," but would not be available for claims raising "constitutional issues or issues concerning how the trial court weighed factors in imposing sentence." *Jones,* 544 N.E.2d at 496. In apparent contradiction to the facial invalidity limitation, however, this Court in *Jones* then proceeded to address the merits of a claim that the trial court imposed a maximum sentence in partial reliance upon

---

1. Beginning in 1989, the role of the motion to correct error as a prerequisite to appeal was substantially modified. *Compare* Ind. Trial Rule 59 (1988) with Ind. Trial Rule 59 (1989).

2. Even though a direct appeal may not be used to allege errors involving a conviction

based upon a guilty plea, it may be used to challenge sentencing errors. *Johnson v. State,* 734 N.E.2d 242, 247 (Ind.2000); *Tumulty v. State,* 666 N.E.2d 394, 395–96 (Ind. 1996).

invalid aggravating factors—a claim that required this Court to go beyond the face of the sentencing judgment and the applicable penalty statute. In *Reffett*, we permitted a motion to correct sentence, summarily reasoning that "[i]f a sentence that violates express statutory authority is facially erroneous, a sentence that violates the express terms of a plea agreement is also facially erroneous." 571 N.E.2d at 1229. And in *Mitchell* we addressed a double jeopardy claim presented by a motion to correct sentence, likewise summarily concluding that "[i]f a sentence violating express statutory authority is facially erroneous, a sentence violating double jeopardy is also facially erroneous." 726 N.E.2d at 1243.

When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied, notwithstanding *Jones, Reffett,* and *Mitchell.* We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.[3]

In addition to limiting a motion to correct sentence to errors apparent on the face of the judgment, Indiana case law has long emphasized that "the preferred procedure is by way of a petition for post-conviction relief." *Jones,* 544 N.E.2d at 496. *See, e.g., Reffett,* 571 N.E.2d at 1228; *Gee,* 508 N.E.2d at 788; *Hatchett v. State,* 794 N.E.2d 544, 546 (Ind.Ct.App.2003); *White v. State,* 793 N.E.2d 1127, 1129 (Ind. Ct.App.2003); *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999); *Poore v. State,* 613 N.E.2d 478, 480 (Ind.Ct.App. 1993); *Browning v. State,* 576 N.E.2d 1315, 1317 (Ind.Ct.App.1991); *Powell v. State,* 574 N.E.2d 331, 333 (Ind.Ct.App. 1991). This emphasis that post-conviction proceedings are "preferred" for raising sentencing error should not be understood to imply that the statutory motion to correct sentence is nevertheless permissible to raise claims that are not facially evident on the judgment. It is not. This Court "tries to encourage conservation of judicial time and energy while at the same time affording speedy and efficient justice to those convicted of a crime." *Reffett,* 571 N.E.2d at 1229. As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings.

When a motion to correct sentence presents a claim that may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matters

---

**3.** In *Gaddie,* 566 N.E.2d at 537, this Court permitted a motion to correct sentence that presented an allegation requiring a review of the trial court records, noting that the allegation did not raise an issue of fact requiring an evidentiary hearing. Because the direct appeal and post-conviction proceedings, in their present form, are superior vehicles with which to assemble the court record, and because the essential nature of the motion to correct sentence is to provide an expedited opportunity to correct obvious sentencing errors, we decline to approve its use to present claims that require resort to the record outside the sentencing judgment for resolution.

in or extrinsic to the record, such a motion may be expeditiously considered and corrections made without invoking post-conviction proceedings. The "preferred procedure" language does not require that such claims of facial error be presented by petition for post-conviction relief. This may appear contrary to Indiana Post–Conviction Rule 1(1)(b), which declares that the post-conviction relief procedure "takes the place of all other common law, statutory, or other remedies *heretofore available* for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them." (emphasis added.) Because this rule already existed when Indiana Code § 35–38–1–15 was enacted in 1983, the motion to correct sentence remedy was not "heretofore available" as provided in the rule. *Compare* Ind. P–C.R. 1(1)(b) (West 1982) *with* Acts 1983, Public Law 311, Section 3. Furthermore, our cases have clearly permitted a defendant to use the statutory motion to correct sentence notwithstanding the potential availability of post-conviction relief. *See Mitchell,* 726 N.E.2d at 1243; *Reffett,* 571 N.E.2d at 1229; *Jones,* 544 N.E.2d at 496; *Gee,* 508 N.E.2d at 788; *Thompson,* 270 Ind. at 679, 389 N.E.2d at 276. Because such motions to correct sentence based on clear facial error are not in the nature of post-conviction petitions, we conclude that they may also be filed after a post-conviction proceeding without seeking the prior authorization necessary for successive petitions for post-conviction relief under Indiana Post–Conviction Rule 1(12). This holding overrules those cases that have held to the contrary, primarily in the interest of finality. *See, e.g., White,* 793 N.E.2d at 1132; *Waters v. State,* 703 N.E.2d 688, 689 (Ind.Ct.App.1998).

■ In the present case, the defendant challenged his sentencing by a motion to correct sentence claiming that the trial court failed to comply with Indiana Code § 35–38–3–2(a) which provides in relevant part that "[w]hen a convicted person is sentenced to imprisonment, the court shall, without delay, certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority," and further specifies in subsection 2(b) that "[t]he judgment must include," among other things, "the amount of credit, including credit time earned, for time spent in confinement before sentencing."

The defendant contends that the trial court's sentence reported only the actual time served before sentencing and did not comply with the statutory requirement that it also include a separate statement of credit time earned for time spent in confinement before sentencing. He does not allege a calculation error that would require consideration of matters outside the face of the sentencing judgment. His assertion is that required information is omitted. This claim is the type of claim that may be asserted by a motion to correct sentence.

## 2. Trial Court Award of Credit Time

The defendant contends that the trial court erred in denying his motion to correct sentence. He argues that he was entitled to receive credit toward his sentence for the days he served while imprisoned before his sentence plus an additional one day of credit time for each day of pre-sentence imprisonment, and that the trial court's abstract of judgment violated the statutory obligation to separately include designation of both time served and the amount of credit time thus earned.

The State acknowledges that, for the defendant's 187 days of pre-sentence incarceration, he could be entitled to a total of 374 days credit against his sentence—so long as he remained classified in the credit time classification granting one day of credit time for each day imprisoned (for a

total credit of two days). The State argues that this classification was subject to change by the Department of Correction (DOC) and thus the trial court may only make recommendations but may not enter a binding order fixing credit time.

Amicus Indiana Public Defender Council urges that a sentencing judge has a statutory duty to separately determine not only credit for time spent in confinement but also credit time earned based on a prisoner's credit time classification, and that the Department of Correction does not have statutory authority to deprive a person of good time credit for a pre-sentence violation of a jail rule or rule of a non-DOC penal facility. As to the latter point, we disagree.

 As noted above, Indiana Code § 35–38–3–2 requires the trial court's judgment to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment. A person imprisoned for a felony or misdemeanor generally shall be released upon completion of the fixed term of imprisonment, "less the credit time he has earned." Ind.Code §§ 35–50–6–1(a), 35–50–6–2. The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment. The amount of additional credit is primarily determined by the prisoner's credit time classification. The applicable statute provides:

(a) A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing.

(b) A person assigned to Class II earns one (1) day of credit time for every two (2) days he is imprisoned for a crime or confined awaiting trial or sentencing.

(c) A person assigned to Class III earns no credit time.

Ind.Code § 35–50–6–3. The statute also provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Ind.Code § 35–50–6–4(a). In addition to this credit time, a person may also earn credit time in one other manner—by successfully completing specified educational achievements while demonstrating "a pattern consistent with rehabilitation." Ind. Code § 35–50–6–3.3. We interpret Indiana Code § 35–38–3–2 to require that a trial court's judgment of conviction separately include both the amount of time spent by the defendant prior to imposition of sentence and also the amount of credit time earned in accordance with the defendant's credit time class.

Other statutory provisions authorize a prisoner's credit time class and earned credit time benefits to be diminished:

A person may be reassigned to Class II or Class III if he violates any of the following:

(1) A rule of the department of correction.

(2) A rule of the penal facility in which he is imprisoned.

(3) A rule or condition of a community transition program.

However, a violation of a condition of parole or probation may not be the basis for reassignment. Before a person may be reassigned to a lower credit time class, he must be granted a hearing to determine his guilt or innocence and, if found guilty, whether reassignment is an appropriate disciplinary action for the violation. The person may waive his right to the hearing.

Ind.Code § 35–50–6–4(b).

A person may, with respect to the same transaction, be deprived of any part of

the credit time he has earned for any of the following:

(1) A violation of one (1) or more rules of the department of correction.

(2) If the person is not committed to the department, a violation of one (1) or more rules of the penal facility in which the person is imprisoned.

(3) A violation of one (1) or more rules or conditions of a community transition program.

(4) If a court determines that a civil claim brought by the person in a state or an administrative court is frivolous, unreasonable, or groundless.

Ind.Code § 35–50–6–5(a).

Summarizing, a prisoner's release date is determined by the term of imprisonment imposed by the trial court less the time spent in confinement before sentencing less credit time earned. Credit time is accrued in two ways: (1) by the credit time classification to which a prisoner is assigned, Indiana Code § 35–50–6–3, and (2) by educational achievement pursuant to Indiana Code § 35–50–6–3.3. There is no other provision for the award of any credit time for good behavior.[4] It is possible, however, for a prisoner to be deprived of credit time classification or earned credit time for violations of penal facility rules. Ind.Code §§ 35–50–6–4(b), 35–50–6–5(a). Thus, credit time earned under Class I and that earned for educational achievements is sometimes described as "good time" credit because such credit is conditioned on the absence of bad conduct.[5]

## A. Finality of Trial Court Credit Time Determination

■■■ We now turn to resolve whether a trial court's designation of credit time earned for confinement before sentencing is merely a recommendation, or whether it is final and immune from subsequent modification by the Department of Correction.

The authorization to reduce credit time benefits in Indiana Code § 35–50–6–4 and 6–5 is not limited to the Department of Correction. The County Jail Standards contained in the administrative rules promulgated by the Department of Correction expressly provide for the imposition of discipline by jail officials subject to procedural safeguards. Ind. Adm.Code title 210, rule 3–1–17 (2004). This regulation states in relevant part:

Discipline. (a) Each sheriff shall establish written rules of inmate conduct for the maintenance of order and discipline among inmates. Such rules shall describe the conduct for which disciplinary action may be imposed.... (c) Any of the following may be imposed as disciplinary action on jail inmates: ... (8) Reassignment to a lower credit time class under IC 35–50–6–4; (9) Deprivation of earned credit time under IC 35–50–6–5.

While local jail personnel are authorized to modify a prisoner's credit time class and/or credit time, the Department of Correction may later revise such determi-

---

4. The phrase "good time" appears only twice in the entire Indiana Code. It first appears in the Interstate Agreement on Detainers Statute in designating the information that must be provided with a prisoner's request to be brought to trial. Ind.Code § 35–33–10–4(a). Its other appearance is in the Death Penalty and Life Without Parole Statute regarding the information that must be given to a penalty phase jury. Ind.Code § 35–50–2–9(d).

5. For purposes of our opinion in *Purcell v. State*, we used the phrase "good time credit" to describe "the additional credit a prisoner receives for good behavior and educational attainment," and the phrase "credit for time served" to refer to "the credit toward the sentence a prisoner receives for time actually served." 721 N.E.2d 220, 222.

nations. Indiana Code § 11–11–5–3 expressly authorizes the Department of Correction to also impose various sanctions as disciplinary actions. Among these are "[r]eassignment to a lower credit time class under IC 35–50–6–4" and "[d]eprivation of earned credit time under IC 35–50–6–5." The credit time class assigned pursuant to Indiana Code § 35–50–6–4 includes both a person's initial assignment to Class I while "awaiting trial or sentencing" as well as subsequent reassignments to lower credit time assignments for violation of a rule "of the penal facility in which he is imprisoned" (as well as providing for restoration of prior credit time assignments). Similarly, the credit time deprivations and restorations authorized by Indiana Code § 35–50–6–5 are not limited to those accrued during confinement at the Department of Correction but may also be imposed with respect to violations of a rule of "the penal facility in which the person is imprisoned." We therefore hold that the credit time earned while awaiting sentencing in a trial court is subject to subsequent deprivation by the Department of Correction.

In addition, it appears that viewing a sentencing statement's credit time designation as a mere "recommendation" may be a relic from prior times. Previous statutes had required the sentencing judge to "specify" the days spent in confinement and to "make recommendations as to credit for good time conduct for time spent in confinement prior to sentencing." Ind. Code §§ 35–8–2.5–1—5 (*repealed* in Acts 1979, Public Law 120, Section 22). The present statute specifying the content of the sentencing judgment was enacted in 1983 and does not call for "recommendations" but simply requires that the "judgment must include … the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind.Code § 35–38–3–2. Nonetheless, recent opinions have held that a sentencing judge "only has the authority to make recommendations with respect to good time allowances." *Kindred v. State*, 771 N.E.2d 760, 763 (Ind.Ct.App.2002), *citing Leavell v. State*, 181 Ind.App. 69, 73, 391 N.E.2d 246, 248 (1979). We disapprove of this view.[6]

In *Campbell v. State*, 714 N.E.2d 678 (Ind.Ct.App.1999), our Court of Appeals confronted a claim that the trial court exceeded its statutory authority by denying Campbell's request for credit time for serving in the work release program prior to the revocation of his probation. Concluding that "the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the DOC," the *Campbell* court held that the trial court exceeded its statutory authority. *Id.* at 683–84. *Campbell* did not involve a challenge to the trial court's sentencing judgment. In the course of its discussion, however, the court stated that "credit time should be initially determined by the DOC, not the trial court." 714 N.E.2d at 682. This view was followed by the Court of Appeals in its opinion on rehearing in the present case. *Robinson v. State*, 789 N.E.2d 965, 967 (Ind.Ct.App.2003). We find this to be incorrect.

Indiana Code § 35–38–3–2(b) unequivocally declares that the trial court sentencing judgment "must include" the amount of credit earned for time spent in confinement before sentencing. This determination serves to memorialize any modifications in credit time class or credit time imposed by local prison authorities upon a

---

6. To the extent that past sentencing judgments of Indiana trial courts have referred to a prisoner's earned credit time as a "recommendation," we deem such recommendations to constitute the trial court's final determination.

person confined before trial and sentencing. A trial court's sentencing judgment thus does not merely "recommend." On the contrary, it determines a prisoner's credit time for time served as of the time of sentencing. This credit time, however, is subject to modification thereafter by the Department of Corrections pursuant to statutory procedures.

Appellate authority has been rather inconsistent in providing direction to our trial courts on this issue. *Compare Crow v. State,* 797 N.E.2d 319, 325 (Ind.Ct.App. 2003) and *Hatchett,* 794 N.E.2d at 547 (trial court sentencing must include credit time) *with Robinson,* 789 N.E.2d at 967 and *Kindred,* 771 N.E.2d at 763 (sentencing judge may only make credit time recommendations). It is not surprising that the sentencing judgments of many trial judges is presented in language of "recommending" that credit time be awarded, or in omitting any reference to credit time whatsoever. As discussed above, a person is initially entitled to Class I credit for the days confined before sentencing, subject to a deprivation of Class I status by the Sheriff or other penal authority, and a trial court's sentencing judgment must include both days imprisoned before sentencing and the credit time earned thereby, thus reflecting any credit time deprivation imposed before sentencing.

■■■ In an effort to facilitate the fair and expeditious resolution of appellate litigation arising from these judgments, we adopt the following appellate presumption. Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automati-

cally to award the number of credit time days equal to the number of pre-sentence confinement days. In the event of any pre-sentence deprivation of credit time, the trial court must report it in the sentencing judgment.[7] Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

### B. Omission of Credit Time from Abstract of Judgment

There is a split of authority regarding whether a trial court's failure to specify credit time requires remand or correction on appeal. Concluding that a trial court must determine the amount of credit time for pre-sentence imprisonment, some cases have granted relief. *See, e.g., Crow v. State,* 797 N.E.2d 319 (Ind.Ct.App.2003); *Senn v. State,* 766 N.E.2d 1190 (Ind.Ct. App.2002). But in *Hatchett v. State,* 794 N.E.2d 544, 547 (Ind.Ct.App.2003), while emphasizing that trial courts may not routinely disregard the requirements of Indiana Code § 35–38–3–2(b)(4) requiring a sentencing judgment to included credit time earned, the court held that "a trial court's failure to record a defendant's credit time earned ... in its abstract of judgment does not render the defendant's sentence facially erroneous." *Id.* For the reasons discussed in this opinion, we do not completely approve of these cases.

In the present case, the defendant's claim is based on the trial court's entries on the abstract of judgment, a form issued by the Department of Correction and completed by trial judges for the convenience of the Department. The instructions on this form requested that it "accompany the

---

**7.** We recognize the possibility that a person confined awaiting trial and sentencing may successfully complete educational requirements as specified in Indiana Code 35–50–6– 3.3(b). When this occurs, we recommend that this fact be recognized in the trial court's sentencing judgment.

Judgment, Pre–Sentence Report, and all other documents required by law, upon the commitment of the adult offender to the Indiana Department of Correction." The form called for the signature of the committing judge and the attestation of the county clerk. Part 3 of the abstract of judgment form, entitled "Judge's Recommendations," contains a box requesting "No. of days confined prior to sentencing." It is unclear from the form whether the Department was seeking the trial judge's verification of (a) actual time spent in pre-sentence confinement or (b) credit time earned from time spent in pre-sentence confinement. Clearly, however, the abstract of judgment form requested only one number. In this box, the trial judge entered "187."

In contrast to the abstract of judgment, the trial court's actual sentencing judgment includes the following: "The Court also finds that the Defendant shall be given one hundred eighty-seven (187) days credit toward the sentence of imprisonment for time spent in confinement as a result of this charge and the Court recommends that said time be considered as good time credit provided by law." Supplemental Appendix at 10–11.

Thus in this case, the trial court's written judgment entry imposing the sentence presumptively complied with the statutory requirement that the sentencing judgment include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind.Code § 35–38–3–2(a). However, the abstract of judgment form signed by the trial judge for transmission of the judgment to the Department of Correction contained no separate reference to credit time. Our Court of Appeals has stated that Indiana trial courts use the abstract of judgment "to convey the final judgment to the receiving authority," and that it is the ab-

stract of judgment "which embodies the final judgment of the trial court." *Hatchett,* 794 N.E.2d at 546, *quoting Risner v. Indiana Parole Board,* 779 N.E.2d 49, 52 (Ind.Ct.App.2002). Transfer to this Court was not sought in either *Hatchett* or *Risner.*

 The statute requiring the trial court's inclusion of credit time does not refer to the abstract of judgment.

(a) When a convicted person is sentenced to imprisonment, the court shall, without delay, certify, under the seal of the court, copies of the *judgment of conviction* and sentence to the receiving authority.

(b) The *judgment* must include:

(1) the crime for which the convicted person is adjudged guilty and the classification of the criminal offense;

(2) the period, if any, for which the person is rendered incapable of holding any office of trust or profit;

(3) the amount of the fines or costs assessed, if any, whether or not the convicted person is indigent, and the method by which the fines or costs are to be satisfied;

(4) the amount of credit, including credit time earned, for time spent in confinement before sentencing; and

(5) the amount to be credited toward payment of the fines or costs for time spent in confinement before sentencing.

(c) The judgment may specify the degree of security recommended by the court.

(d) A term of imprisonment begins on the date sentence is imposed, unless execution of the sentence is stayed according to law.

Ind.Code § 35–38–3–2 (emphasis added). Other than the ambiguous box labeled "No. of days confined prior to sentencing,"

the Department of Correction's abstract of judgment form requested only the information specified by subsection (b)(1), and clearly did not seek that specified in subsections (b)(2), (b)(3), and (b)(5). The contents of the abstract of judgment form do not control the information that the sentencing judge must include in the judgment of conviction. We construe the italicized word "judgment" in subsection (b) above to refer to the phrase "judgment of conviction" in subsection (a) and thus to require the inclusion of designated information only in the judgment of conviction, a copy of which must be provided by the trial court to the Department as receiving authority. The Department's abstract of judgment form is not the "judgment of conviction." To the extent they hold otherwise, *Hatchett* and *Risner* are overruled.

■■■ The remedy of a motion to correct sentence arising from Indiana Code § 35–38–1–15 speaks only in terms of "sentence," not "judgment of conviction":

> If the convicted person is erroneously sentenced, the mistake does not render the *sentence* void. The *sentence* shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected *sentence* is ordered. A motion to correct *sentence* must be in writing and supported by a memorandum of law specifically pointing out the defect in the original *sentence*.

*Id.* (emphasis added). We nevertheless hold that the "sentence" that is subject to correction under this procedure means the trial court's judgment of conviction imposing the sentence and not the trial court's entries on the Department of Correction's abstract of judgment form. It is the court's judgment of conviction and not the abstract of judgment that is the official trial court record and which thereafter is the controlling document. Therefore, a motion to correct sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment.

We note that the actual judgment of the trial court included the fact that the defendant had spent 187 days in confinement before sentencing and designated that he was entitled to credit time for these 187 days, which results in a total credit of 374 days. This judgment of conviction, not the abstract of judgment, is controlling. Because the defendant is seeking correction of the abstract of judgment in his case, there is no error in denying the defendant's motion to correct sentence.[8]

### 3. Conclusion

We hold that a motion to correct sentence is available only to correct sentencing errors clear from the face of the judgment; that such motion is not equivalent to a petition for post-conviction relief and may be filed at any time; that a trial court's sentencing judgment must report not only the number of days confined while imprisoned before sentence but also must separately designate the credit time earned for the said period of confinement; that such trial court determination is subject to modification by the Department of Corrections pursuant to statute; that judgments reporting pre-sentence confinement time but omitting credit time will be presumed to designate credit time days equal to days of pre-sentence confinement; and that a motion to correct sentence is not available to challenge entries or omis-

---

8. The State urged at oral argument that we should require that claims of sentencing error related to the award of credit time be presented not by a motion to correct erroneous sentence but by an action for habeas corpus that would include the Department of Correction or its employee as a named defendant so that the Department could protect its interests regarding the prisoner's credit time classification. We decline to impose this limitation.

sions in an abstract of judgment. We affirm the trial court's denial of the defendant's motion to correct sentence.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.