Mark S. MURFITT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0401–CR–19.

Court of Appeals of Indiana.

June 28, 2004.

Publication Ordered July 28, 2004.

Mark S. Murfitt, Pendleton, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mark S. Murfitt appeals from the trial court's denial of his pro se "Motion for Pretrial Credit for Time Served" and presents the following dispositive issue for review: whether the trial court abused its discretion when it denied Murfitt's motion requesting credit time for 270 days during which he was released on bond.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On November 29, 1999, an Elkhart police officer observed Murfitt driving a vehicle while his driving privileges were suspended for life. In December 1999, the State charged him with being an habitual traffic offender, as a Class C felony. Murfitt spent fourteen days in jail and was then released on bond. In September 2000, Murfitt pleaded guilty to being an habitual traffic offender, as a Class D felony. In December 2000, the trial court sentenced Murfitt to a total of eight years, with two years executed, two years on work release, two years on home detention, and two years suspended to probation. The trial court also gave him credit for days he had been incarcerated prior to sentencing.

On November 10, 2003, Murfitt filed his "Motion for Pretrial Credit for Time

Served," wherein he alleged that the trial court should have given him credit for an additional 270 days during which he was released on bond.[1] The trial court denied that motion, and this appeal ensued.[2]

## DISCUSSION AND DECISION

Murfitt asserts that the trial court abused its discretion when it denied his motion seeking one day of credit for each of the 270 days he was released on bond prior to his sentencing. Specifically, Murfitt contends that because he was in the custody of his bond agent and his "liberty was restricted," he is entitled to pre-trial credit under Indiana Code Section 35–50–6–3.[3] Brief of Appellant at 10.

■ Initially, both Murfitt and the State agree that Murfitt did not present his pre-trial credit time argument by way of a petition for post-conviction relief. Rather, in essence, he filed a motion to correct sentence under Indiana Code Section 35–38–1–15, which provides:

If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. *A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.*

(Emphasis added); *cf.* Ind. Post–Conviction Rule 2 (requiring petitioner to file three copies of verified petition with clerk). Recently, in *Robinson v. State,* 805 N.E.2d 783, 786–88 (Ind.2004), our supreme court clarified the circumstances under which it is proper for a defendant to raise sentencing errors in a motion to correct sentence. The court in *Robinson* explained as follows:

When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied, .... We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or

---

1. In his motion, Murfitt alleged that he was entitled to 270 days' credit. But on appeal, he claims that he was entitled to 273 days' credit. He may not seek more credit time on appeal than he sought from the trial court.

2. After he filed his appeal, Murfitt moved to dismiss the appeal based on an alleged lack of jurisdiction. Our motions panel considered and denied that motion. Murfitt then filed a motion to reconsider in which he renewed his motion to dismiss on jurisdictional grounds and also alleged that this court had erroneously designated his case as a petition for post-conviction relief based on the "PC" which appears in the cause number. Our motions panel also denied that motion. The

panel of judges assigned to address Murfitt's appeal on the merits, having now considered his appeal and being duly advised, agrees with Murfitt, and the State concedes, that Murfitt is not appealing from the denial of a petition for post-conviction relief. Accordingly, we have directed the Clerk of the Court to assign the new appellate cause number which appears on the cover of this decision.

3. Indiana Code Section 35–50–6–3(a)(1) provides that "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

after trial may not be presented by way of a motion to correct sentence.

In addition to limiting a motion to correct sentence to errors apparent on the face of the judgment, Indiana case law has long emphasized that "the preferred procedure is by way of a petition for post-conviction relief." This emphasis that post-conviction proceedings are "preferred" for raising sentencing error should not be understood to imply that the statutory motion to correct sentence is nevertheless permissible to raise claims that are not facially evident on the judgment. It is not. This Court "tries to encourage conservation of judicial time and energy while at the same time affording speedy and efficient justice to those convicted of a crime." As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings.

*Id.* at 787 (footnote and citations omitted).

In *Robinson*, the defendant filed a motion to correct sentence and alleged that the trial court's sentencing judgment "reported only the actual time served before sentencing and did not comply with the statutory requirement that it also include a separate statement of credit time earned for time spent in confinement before sentencing." *Id.* at 788. The defendant in that case did "not allege a calculation error that would require consideration of matters outside the face of the sentencing judgment." *Id.* Instead, the defendant claimed only that required information had been omitted, and our supreme court determined that his claim was "the type of claim that may be asserted by a motion to correct sentence." *Id.*

Unlike the defendant in *Robinson*, however, Murfitt does not allege that the trial court merely omitted statutorily required information from the sentencing judgment. Rather, he contends that he is entitled to an additional 270 days of credit time, which represents the number of days he was released on bond prior to sentencing. Murfitt's claim raises an alleged calculation error that requires consideration of matters outside the face of the sentencing judgment. Following *Robinson*, Murfitt's claim may not be presented by way of a motion to correct sentence. We therefore conclude that the trial court properly denied his motion.

■ But even if Murfitt had properly raised his sentencing claim, we agree with the State that on its face his claim lacks merit. No statute or case establishes that a defendant who is released on bond is "confined awaiting trial" for purposes of Indiana Code Section 35–50–6–3(a)(1). To the contrary, in *Molden v. State*, 750 N.E.2d 448, 451 (Ind.Ct.App.2001), this court determined that a trial court did not abuse its discretion when it denied credit time under Indiana Code Section 35–50–6–3 to a defendant who was confined in *home detention* while awaiting trial. *See also Purcell v. State*, 721 N.E.2d 220, 224 n. 6 (Ind.1999) (adopting Judge Sullivan's previously vacated conclusion in *Capes v. State*, 615 N.E.2d 450, 455 (Ind.Ct.App. 1993), that "defendant is only entitled to credit toward sentence for pre-trial time served in a prison, jail or other facility which imposes substantially similar restrictions upon personal liberty."). A defendant, like Murfitt, who was released on bond for some period of time prior to sentencing has substantially lesser restrictions upon his personal liberty than a defendant confined to home detention.[4]

4. Although Murfitt directs us to many federal court cases to support his claim, we agree

Murfitt's claim that he is entitled to pre-trial credit time under Indiana Code Section 35-50-6-3 is not well taken.[5]

Affirmed.

KIRSCH, C.J., and RILEY, J., concur.

### ORDER

On June 28, 2004, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, pro se, has filed a Motion to Publish Memorandum Decision. The appellant states that the decision in this case should be published because it establishes and clarifies a rule of law in relation to being credited jail time while being released upon bail pending trial.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Not for Publication Memorandum Decision is GRANTED and this Court's opinion handed down in this cause on June 28, 2004, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.

---

with the State that the cases upon which he relies are inapposite because they involve the degree of restraint upon a person's liberty necessary to meet the "in custody" requirement of the federal habeas corpus statute. *See, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (holding habeas petitioner who was released on own recognizance pending execution of sentence was "in custody" for purposes of federal habeas corpus statute).

5. Murfitt also asserts that, if this court were to treat his motion as a petition for post-conviction relief, the trial court should have referred his claim to the State Public Defender. Again, Murfitt did not file a petition for post-conviction relief, and we do not treat it as such. Further, the trial court was not required to appoint Murfitt counsel when he filed his pro se motion to correct sentence. *See Gaddie v. State*, 566 N.E.2d 535, 537 (Ind.1991) (rejecting defendant's assertion that trial court should have appointed counsel or referred his pro se motion to correct sentence to State Public Defender).