**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**THOMAS D. DILLMAN**
Branchville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS D. DILLMAN, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1307-CR-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-1202-FD-169

**April 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Thomas Dillman appeals the denial of his motion to correct erroneous sentence, which challenged his sentence for one count of Class A misdemeanor operating a vehicle while intoxicated ("OWI"). We affirm.

**Issue**

The dispositive issue before us is whether Dillman could attack the sentence he received through a motion to correct erroneous sentence.

**Facts**

On February 26, 2012, Dillman was arrested and charged with Class D felony resisting law enforcement and Class A misdemeanor OWI. Dillman remained in jail on those charges as well as charges in other unrelated cases. On January 16, 2013, Dillman pled guilty to the OWI count. The plea agreement stated that Dillman would be sentenced to "time served—accounting for all credit time." App. p. 26. On February 7, 2013, the trial court sentenced Dillman to a term of 364 days executed, with credit for time served of 182 days in Class I. In other words, Dillman received "one-for-one" or "good time" credit for those 182 days, meaning Dillman had already served the entirety of his sentence.

On June 13, 2013, Dillman subsequently filed a "Motion to Correct Erroneous Sentence." Id. at 11.[1] The motion apparently argued that the time he served awaiting sentencing on the OWI charge was only 115 days and, therefore, his total sentence for the OWI charge should have been only 230 days. Dillman seems to have contended that the

---

[1] Dillman has not provided us with a copy of this motion.

other sixty-seven days of the 182 was actually served on one of the other charges prior to his arrest in the present case. The trial court denied Dillman's motion and he now appeals.

**Analysis**

We review rulings on motions to correct erroneous sentence for an abuse of discretion, which occurs when a decision is against the logic and effect of the facts and circumstances before the trial court. Davis v. State, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An inmate who believes he or she has been erroneously sentenced may file a motion to correct sentence under Indiana Code Section 35-38-1-15. Neff v. State, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Such motions may only be used to attack a sentence that is "erroneous on its face." Robinson v. State, 805 N.E.2d 783, 786 (Ind. 2004). Alleged sentencing errors that require consideration of matters outside the face of the sentencing judgment can only be attacked via direct appeal or, when appropriate, petitions for post-conviction relief, and not via motions to correct erroneous sentence. Id. at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." Id.

The State argues that Dillman's motion in this case was not a facial attack upon his sentencing order and, thus, was not permitted by Robinson. We agree. Resolution of the motion would require much delving into matters outside the face of the sentencing order, in particular the time served and sentences imposed in other cases and the precise parameters of the plea agreement in this and the other cases. Dillman's sentencing order is facially correct, as it notes the number of presentencing days he had spent in confinement and also expressly noted that he was entitled to Class I "one-for-one" or "good time" credit

3

for that time, pursuant to Indiana Code Section 35-50-6-3.  We conclude that a motion to correct erroneous sentence was not the proper vehicle for Dillman's arguments against his sentence.  See Murfitt v. State, 812 N.E.2d 809, 811 (Ind. Ct. App. 2004) (holding Robinson barred defendant's motion to correct erroneous sentence that challenged the amount of time defendant had spent in confinement prior to sentencing).  Because Dillman pled guilty and because the time for filing a direct appeal is long past, and was already long past when Dillman filed his motion to correct erroneous sentence, he must challenge his sentence in this case via post-conviction proceedings, if at all.

## Conclusion

The trial court did not abuse its discretion in denying Dillman's motion to correct erroneous sentence.  We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.