## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2016, 5:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert W. Adams
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Karl Scharnberg
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert W. Adams, *Appellant-Defendant,* | December 15, 2016 |
| v. | Court of Appeals Case No. 02A03-1512-CR-2149 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Frances C. Gull |
| | Trial Court Cause No. 02D04-0703-FC-72 |

**Mathias, Judge.**

Robert W. Adams ("Adams"), currently serving a long sentence in the New Castle prison, appeals, *pro se*, the trial court's denial of his motion for jail-time credit against that sentence. We affirm.

## Facts and Procedural Posture

On December 23, 1998, Adams was arrested and held in the Allen County jail. On December 31, Adams was charged with four offenses, including rape, a class B felony, and resisting law enforcement, a Class D felony. The case was heard under cause number 02D04-9812-CF-000689 ("the 1998 case").

On July 22, 1999, a jury in Allen Superior Court found Adams guilty of rape and resisting law enforcement. For these offenses, on August 20, Adams was sentenced to consecutive terms of twenty years and one and one-half years, respectively.

On August 27, Adams was committed to the Department of Correction ("DOC"). The DOC offender arrival report notes the award of 240 days' jail-time credit, reflecting the period of Adams's confinement from his December 23, 1998, arrest to his August 20, 1999, sentencing.[1]

---

[1] Adams has submitted neither the judgment of conviction nor the abstract of judgment in the 1998 case. However, the DOC receives the abstract of judgment from the convicting court, *see* Ind. Code § 35-38-3-2 (2016), and Adams's DOC arrival report, which Adams has submitted, presumably reflects the abstract received by the DOC from Allen Superior Court.

[5] This court affirmed his conviction on direct appeal. *Adams v. State*, 727 N.E.2d 1130 (Ind. Ct. App. 2000). Adams's petition for postconviction relief is currently pending in Allen Superior Court.

[6] In July 2006, Adams says he was paroled from the New Castle prison. No notice or record of this parole appears in Adams's appendix, including the chronological case summary ("CCS") and DOC sentence summary.[2]

[7] On March 15, 2007, Adams says he was arrested again. On March 21, Adams was charged with aiding burglary, a Class C felony. Adams pleaded guilty in Allen Superior Court on June 12, and was sentenced to a seven-year term, consecutive to the sentences in the 1998 case, on July 2. The case was heard under cause number 02D04-0703-FC-000072 ("the 2007 case"). The abstract of judgment and the DOC arrival report both list one day of jail-time credit awarded in this cause.

[8] On October 26, 2015, Adams filed a "motion for jail time credit" in Allen Superior Court, together with a "memorandum of law in support."[3] Presumably, Adams made the same argument there as here: that he is entitled

---

[2] The Department of Correction's "offender search" lists Adams's *current* location as the "Fort Wayne Parole District," but this is incorrect. www.in.gov/apps/indcorrection/ofs/ofs (search DOC number 995220). Adams's name does not appear in the archived agendas of the Indiana Parole Board for 2005 or 2006. www.in.gov/idoc/2371.htm (2005), *id.* at 2372.htm (2006). The state sex offender registry notes that Adams registered on July 7, 2006. www.insor.org (search by county and name).

[3] Neither has been submitted by Adams as part of the record in this appeal. Notwithstanding the State's unsupported assertion to the contrary, Adams has not waived any issue or argument by this omission. Ind. Appellate Rule 49(B).

to credit time equal to the period between his March 15, 2007, arrest and his July 2, 2007, sentencing in the 2007 case.[4] That motion was denied on November 6 without a hearing. The court's order explained that "[a]ll of the jail credit [Adams] is requesting was awarded to the consecutive [1998 case]." Appellant's App. p. 1.

[9] This appeal followed. Adams argues that one day of jail-time credit is ninety-nine too few; the State responds that it is one day too many.[5]

## Standard of Review

[10] A motion styled as a motion for jail-time credit or similar is taken as a motion to correct an erroneous sentence under Ind. Code § 35-38-1-15 (2016). *Murfitt v. State*, 812 N.E.2d 809, 810–11 (Ind. Ct. App. 2004). The grant or denial of such a motion by the trial court is reviewed for abuse of discretion. *Lewis v. State*, 898 N.E.2d 1286, 1290 (Ind. Ct. App. 2009).

## Discussion

[11] At the threshold the State presents us with two jurisdictional arguments. First, the State argues that Adams was late filing his notice of appeal and that this

---

[4] Adams calculates 100 days between March 15 and July 2. Appellant's Br. p. 4. This court calculates 109 days. Calculating instead from Adams's March 21 charging to his July 2 sentencing still gives a figure different from Adams's: 103 days. Because this court would not give an appellant more than what he asks, *see Murfitt v. State*, 812 N.E.2d 809, 810 n.1 (Ind. Ct. App. 2004), we take Adams's calculations at face value.

[5] The State's request for a revision of Adams's sentence is dismissed at the outset as improper. This is an appeal of the trial court's denial of Adams's motion. The State will be heard here only to argue that the trial court properly denied Adams's motion in 2015, not that the trial court unlawfully sentenced Adams in 2007.

court therefore lacks jurisdiction over Adams's appeal. Second, the State argues that Adams has failed to exhaust his administrative remedies with the DOC and that this court, and impliedly the court below, lacks jurisdiction on that basis, as well. Neither argument has merit.

[12] First, late filing is not a jurisdictional defect. *O.R. v. K.G.*, 16 N.E.3d 965, 971 (Ind. 2014). In any event, Adams timely filed. The thirty-day period for filing a notice of appeal begins to run the day "after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1); *see also id.* at 25(B) ("[T]he day of the . . . event . . . from which the designated period . . . begins to run shall not be included."). If the period ends on a weekend-day or a holiday, it is extended until the next business day. *Id.* at 25(B).

[13] Here, the chronological case summary indicates entry of the trial court's order denying Adams's motion on November 6, 2015. Appellant's App. p. 10. The order itself presents both a typewritten date of November 3 and a handwritten date of November 6. *Id.* at p. 1. In any event, the plain language of the rule requires calculation from the date presented by the chronological case summary: November 6. By this court's count, thirty days from November 7 is December 6. Because December 6, 2015, was a Sunday, Adams had until the next business day, Monday, December 7, to file his notice of appeal. This is what he did. Docket (notice of appeal filed December 7, 2015); Appellee's Br. p. 5 (accord); *see Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010) (adopting the prison mailbox rule).

[14] Second, unlike late filing, failure to exhaust administrative remedies is indeed a jurisdictional defect. *Burks-Bey v. State*, 903 N.E.2d 1041, 1043–44 (Ind. Ct. App. 2009). However, this rule does not apply when the act subject to complaint was not an administrative act.

[15] Credit for presentence time in jail and for good behavior there, awarded as part of a sentence under I.C. § 35-38-3-2(b) *before* the offender has been committed to the DOC, is naturally a decision of the sentencing court, not an administrative act of the DOC. *Robinson v. State*, 805 N.E.2d 783, 791–92 (Ind. 2004) (holding "incorrect" the view that "credit time should be initially determined by the DOC, not the trial court"). Any mistake made by the sentencing court in such awards may be put before that court and is subject to the ordinary process of correction on direct appeal. *Id.* at 786; *see also Sharp v. State*, 970 N.E.2d 647, 651 (Ind. 2012) (credit-time status a penal consequence within contemplation of the sentencing court and thus properly reviewable under App. R. 7(B)); *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000) (discussing inapplicability of res judicata to motions like Adams's) ("[A]*ny* time a defendant whose liberty has been restricted through imprisonment . . . requests a trial court to reconsider its previous award of jail time credit, and the defendant's motion [has] a sufficient factual basis[,] the court must address the merits of such motion.") (original emphasis).

[16] All of this is plain on the face of Adams's argument: the sentencing judge awarded him one day of credit time, but Adams thinks the judge should have awarded him more. The DOC has done or omitted nothing of which Adams

complains; accordingly, the DOC has nothing to remedy and nothing for Adams to exhaust. *Compare* Appellant's Br. p. 4 ("Judge Frances C. Gull only granted one (1) day of jail time credit.") *with Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008) ("Neff claimed that the Department of Correction . . . failed to credit him with credit time earned," a good-faith error in calculation which administrative review would have corrected.).

[17] However, Adams's appeal falls short because of a set of related practical and legal obstacles to adjudicating his claim on its merits. Several of the obstacles are of Adams's own making in his *pro se* appeal.

[18] First, the statutory motion to correct an erroneous sentence is available only to correct errors that are plain on the face of the judgment of conviction. *Robinson*, 805 N.E.2d at 794. Not even the abstract of judgment will do for these purposes so long as the county in which the trial court sits hands down judgments of conviction, *Neff*, 888 N.E.2d at 1252, as do the courts of Allen County. However, Adams has not supplied us with the judgment of conviction in either the 2007 or the 1998 cases, only with the abstract of judgment in the 2007 case.

[19] Second, taking Adams's request for jail-time credit on its face, the State correctly points out that any credits applied to consecutive sentences like Adams's are applied to the aggregate of the consecutive sentences, not to the individual sentences. *State v. Lotaki*, 4 N.E.3d 656, 658 (Ind. 2014). Thus, the time Adams spent in jail awaiting trial and sentencing on the 2007 case was time served against the sentence in the 1998 case. *See id.* In other words, Adams

should not have expected to see a change to his earliest possible release date: while he was paroled in the 1998 case, each day spent paroled was one day served against his sentence in the 1998 case; after he was arrested in the 2007 case, each day spent in jail was still one day served against his sentence in the 1998 case. For the trial court to have granted any jail-time credit *against the 2007 case* would effectively have counted each day twice, and converted Adams's consecutive sentences into concurrent ones.[6] *See id.* However, this leaves the problem raised by the State of why Adams was awarded *even one day* of "jail-time credit" against the 2007 case.

[20] Third, Adams could be referring to good-time rather than jail-time credit, credit to which Adams is entitled on a one-for-one basis for each day he spends confined or imprisoned as credit-class 1 offender. I.C. § 35-50-6-3(b); *see* Appellant's App. p. 2 ("Credit Class: 1"). Adams would have been owed good-time credit for any days spent in jail after his arrest in the 2007 case but before his parole was revoked in the 1998 case, as good-time credit is not earned while paroled. I.C. § 35-50-6-6(a). The trial court's award of a single day's "jail time credit" would be proper as a single day's good-time credit if Adams had been confined for one day between his arrest in the 2007 case and the revocation of his parole in the 1998 case. If such is the case, though, any review of this award would go outside the judgment of conviction as "requir[ing] consideration of

---

[6] We presume this is what the trial judge meant when she said that "[a]ll of the jail credit [Adams] is requesting was awarded to the consecutive [1998 case]," Appellant's App. p. 1, even though those days were not "credits" in the strict sense but simply days served on Adams's aggregate sentence.

the proceedings before . . . trial" in the 2007 case, namely, the dates of Adam's arrest in the 2007 case and of his parole revocation in the 1998 case. *Robinson*, 805 N.E.2d at 787. As such, even if we had before us the judgment of conviction in the 2007 case, which we do not, Adams's claim would be unreviewable on a motion to correct an erroneous sentence. *Id.*

[21] We conclude that whatever merit Adams's claim has lies beyond the record he has submitted to us and beyond what a court may consult when reviewing a motion to correct an erroneous sentence. Accordingly, we cannot say that the trial judge abused her discretion by denying Adams's motion for additional credit time.

[22] Affirmed.

Robb, J., and Brown, J., concur.