## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 11 2019, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY PRO SE

Charles Peete
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles N. Peete,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 11, 2019

Court of Appeals Case No.
18A-CR-2025

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1610-F4-51

**Tavitas, Judge.**

# Case Summary

Charles Peete appeals the trial court's denial of his motion to correct erroneous sentence. We affirm.

# Issue

Peete raises one issue, which we restate as whether the trial court properly denied his motion to correct erroneous sentence.

# Facts

In October 2016, the State charged Peete with burglary, a Level 4 felony, and alleged that Peete was a habitual offender. In support of the habitual offender allegation, the State relied on a 2013 conviction for fraud, a Class D felony, and a 2002 conviction for burglary, a Class C felony. A jury found Peete guilty of burglary, and he admitted to being a habitual offender. The trial court sentenced Peete to twelve years for burglary enhanced by fifteen years for his status as a habitual offender. On direct appeal, Peete challenged his sentence, and we affirmed. *See Peete v. State*, No. 20A03-1704-CR-807, slip op. at 1 (Ind. Ct. App. Sept. 6, 2017).

On July 20, 2018, Peete filed a motion to correct erroneous sentence challenging the appropriateness of the prior felonies used to support his habitual offender status. The trial court denied Peete's motion. Peete now appeals.

# Analysis

Peete challenges the trial court's denial of his motion to correct erroneous sentence. We review rulings on motions to correct erroneous sentence for an abuse of discretion, which occurs when a decision is against the logic and effect of the facts and circumstances before the trial court. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An inmate who believes he or she has been erroneously sentenced may file a motion to correct sentence under Indiana Code Section 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Such motions may only be used to attack a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Alleged sentencing errors that require consideration of matters outside the face of the sentencing judgment can only be attacked via direct appeal or, when appropriate, petitions for postconviction relief, and not via motions to correct erroneous sentence. *Id.* at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

On appeal, Peete argues that, under Indiana Code Section 35-50-2-8(b), he could not be a habitual offender because one of his prior felony convictions was a Class D felony.[1] The State argues that Peete's motion to correct erroneous

---

[1] Indiana Code Section 35-50-2-8(b) provides:

> A person convicted of murder or of a Level 1 through Level 4 felony is a habitual offender if the state proves beyond a reasonable doubt that:
>
> (1) the person has been convicted of two (2) prior unrelated felonies; and

sentence was not a facial attack upon his sentencing order and, thus, was not permitted by *Robinson*. We agree. Resolution of the motion would require delving into matters outside the face of the sentencing order, in particular, the propriety of the prior felonies used to support his habitual offender status. We conclude that a motion to correct erroneous sentence was not the proper vehicle for Peete's arguments regarding his habitual offender status. *See Murfitt v. State*, 812 N.E.2d 809, 811 (Ind. Ct. App. 2004) (holding *Robinson* barred defendant's motion to correct erroneous sentence that challenged the amount of time defendant had spent in confinement prior to sentencing). If Peete desires to raise this issue, he must do so through a petition for post-conviction relief. *See Robinson*, 805 N.E.2d at 787.

## Conclusion

The trial court properly denied Peete's motion to correct erroneous sentence. We affirm.

Affirmed.

Baker, J., and May, J., concur.

---

(2) *at least one (1) of the prior unrelated felonies* is not a Level 6 felony or a Class D felony. (emphasis added).