## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 18 2020, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Edward Sweeney, Jr.
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Edward Sweeney, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 18, 2020

Court of Appeals Case No.
20A-CR-887

Appeal from the Clark Circuit
Court

The Honorable Maria D. Granger,
Special Judge

Trial Court Cause No.
10C01-9403-CF-51

**Sharpnack, Senior Judge.**

# Statement of the Case

Charles Sweeney, Jr. appeals the trial court's denial of his motion for credit time. We affirm.

# Issue

Sweeney presents one issue which we restate as: whether the trial court erred by denying Sweeney's motion to apply to his state court sentence the time he served on his federal court sentence prior to its vacation.

# Facts and Procedural History

There are two sentences involved here—the state court sentence from which Sweeney now appeals and a federal court sentence. In 1992, Sweeney was sentenced in federal court to 210 months in prison for using a pipe bomb to attempt to damage a police vehicle. *See* Appellant's App. Vol. II, p. 15 (Judgment in 92-4-CR-01).

In the state court case underlying this appeal, Sweeney was charged in March 1994 with the 1991 murder of Danny Guthrie. In November 1995, a jury found Sweeney guilty of Guthrie's murder, and the court sentenced Sweeney to sixty years, to be served consecutive to his federal court sentence. *See Sweeney v. State*, 704 N.E.2d 86 (Ind. 1998).

On September 11, 2019, Sweeney's federal conviction was vacated. *See* Appellant's App. Vol. II, p. 5 (Judgment 4:18-cv-00210-SEB-DML). The

United States subsequently dismissed the underlying indictment on January 16, 2020. *See id.* at 4 (Order 4:92-cr-0004-SEB-VTW).

[6] On January 31, 2020, Sweeney filed a pro se motion for credit time in the state court cause, seeking credit time against his murder sentence for the time he served on his federal sentence prior to it being vacated. The trial court denied Sweeney's motion, and he appeals that denial.

## Discussion and Decision

[7] A motion styled as a motion for credit time is taken as a motion to correct an erroneous sentence under Indiana Code section 35-38-1-15 (1983). *Murfitt v. State*, 812 N.E.2d 809, 810 (Ind. Ct. App. 2004). The grant or denial of such a motion by the trial court is reviewed for abuse of discretion. *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001).

[8] The statutory motion to correct an erroneous sentence is available only to correct sentencing errors that are plain on the face of the judgment of conviction. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Sentencing claims that are not facially apparent but instead require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Rather, these claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings. *Id.*

[9] Resolution of Sweeney's credit time argument necessarily requires consideration of factors outside the face of the judgment. As the State notes, to

address Sweeney's argument it would be necessary to consider the orders of the federal court vacating his conviction and dismissing his indictment as well as information concerning his federal sentence. Thus, this argument is not properly presented by way of a motion to correct erroneous sentence (or a motion for credit time). Accordingly, we cannot say the trial court abused its discretion by denying Sweeney's motion for credit time.

[10] Sweeney has already taken a direct appeal of his murder conviction, *see Sweeney*, 704 N.E.2d 86, and he has previously sought post-conviction relief, the denial of which was affirmed by this Court. *See Sweeney v. State*, 886 N.E.2d 1 (Ind. Ct. App. 2008), *trans. denied*. Thus, his remaining option to raise his credit time argument is by filing a proper successive petition for post-conviction relief pursuant to Post-Conviction Rule 1 (12).[1]

## Conclusion

[11] For the foregoing reasons, we conclude the trial court did not abuse its discretion by denying Sweeney's motion for credit time.

[12] Affirmed.

Najam, J., and Robb, J., concur.

---

[1] The State notes in its brief that Sweeney has already filed twenty-seven requests for successive petitions for post-conviction relief. *See* Appellee's Br. p. 10.