**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 21 2013, 5:30 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY PRO-SE:

**DUSTIN TROWBRIDGE**
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DUSTIN TROWBRIDGE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  48A02-1205-CR-453 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-9609-CF-328

**August 21, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-petitioner Dustin Trowbridge brings this appeal, challenging the denial of his motion to correct erroneous sentence. In that motion—and in this appeal—Trowbridge raised a number of double jeopardy concerns with regard to sentencing, asserting that various felony convictions should not have been enhanced beyond a certain class of offense. Trowbridge also asserts that his convictions for burglary and confinement were "lesser included" offenses of his murder and/or robbery convictions, and that he should not have been convicted and sentenced on those offenses. Certain aspects of Trowbridge's sentencing concerns that he set forth in his motion to correct erroneous sentence had already been litigated in a prior petition for post-conviction relief. Moreover, we subsequently denied Trowbridge's request to file a successive petition for post-conviction relief.

Concluding that the trial court properly denied Trowbridge's motion to correct his alleged erroneous sentence, and also finding that the trial court properly vacated the hearing on that motion, we affirm the judgment of the trial court.

FACTS

The relevant facts, as reported in Trowbridge's direct appeal to our Supreme Court, are as follows:

> Defendant was charged with ten counts including murder, rape, robbery, burglary, aggravated battery, criminal confinement, theft, auto theft, abuse of a corpse, and escape. He was convicted by a jury on all counts except escape, to which he pleaded guilty. Defendant did not challenge his sentence or conviction on appeal; we nevertheless address the

2

appropriateness of the sentences under our constitutional authority to review and revise sentences. See Ind. Const. art. VII, § 4.

* * *

We find the enhanced sentences excessive in light of Trowbridge's age and comparisons to the sentences of other juveniles convicted of the same or similar crimes. We therefore reduce Trowbridge's sentences on all counts to the presumptive sentence (i.e., murder at fifty years; robbery and burglary at thirty years each; aggravated battery and criminal confinement at ten years each; escape at four years; and abuse of a corpse, theft and auto theft at one and one-half years each). We affirm the trial court's decisions regarding concurrent and consecutive service of these sentences. Trowbridge's combined sentence is therefore reduced to a total of ninety-seven (97) years.

Trowbridge v. State, 717 N.E.2d 138, 148, 150-51 (Ind. 1999).

Trowbridge subsequently filed an amended petition for post-conviction relief in October 2004,[1] raising various sentencing errors, which resulted in the reduction of his robbery conviction from a class A felony to a class B felony, with the imposition of a ten-year sentence that was ordered to run consecutively to the murder conviction. Appellant's App. p. 13.[2]

On March 20, 2012, Trowbridge filed a motion to correct erroneous sentence, again raising sentencing errors and double jeopardy concerns that pertained to his sentences for robbery, burglary, and confinement.

The State objected, alleging that a motion to correct a sentence is appropriate only where a sentence is "erroneous on its face" and extraneous information or evidence is not

---

[1] Trowbridge has not included a copy of the petition for post-conviction relief in his appendix.

[2] This citation is to page 13 of the trial court's chronological case summary. Trowbridge has not included the post-conviction court's findings of fact and conclusions of law in his appendix.

required to ascertain whether the sentence was in error. Id. at 29. As a result, the State asserted that Trowbridge should have filed a petition for post-conviction relief. However, the State also observed that Trowbridge, indeed, had previously filed and litigated sentencing claims in the above-mentioned petition for post-conviction relief. Therefore, the State maintained that all of the alleged sentencing errors in Trowbridge's motion to correct erroneous sentence were available for review during the initial post-conviction proceeding.

The State further pointed out that Trowbridge had already requested this Court to authorize a successive petition for post-conviction relief. On March 8, 2011, we observed that "Petitioner has filed a Successive Petition for Post-conviction Relief, the Petitioner has failed to establish a reasonable possibility that he is entitled to post-conviction relief and accordingly, the court declines to authorize the filing of the petition." Appellant's App. p. 30. We also rejected Trowbridge's request to reconsider the denial of his request to file a successive petition for post-conviction relief. The trial court subsequently denied Trowbridge's motion to correct erroneous sentence and vacated the hearing that had been set on the motion.

Trowbridge now appeals.

DISCUSSION AND DECISION

In addressing Trowbridge's contention that the trial court erred in denying his motion to correct erroneous sentence, our Supreme Court has observed that such a motion is a statutory remedy that provides prompt, direct access to an uncomplicated legal

4

process for correcting the occasional erroneous or illegal sentence. Robinson v. State, 805 N.E.2d 783, 785 (Ind. 2004). It is "appropriate only when the sentence is erroneous on its face." Id. at 787. This statutory remedy is not available when the claim requires consideration of "matters outside the face of the sentencing judgment" or "proceedings before, during or after trial." For sentencing claims that are "not facially apparent, the motion to correct sentence is an improper remedy"; such claims "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." Id.

A defendant who seeks to attack his sentence for any reason other than that the sentence is facially invalid must include in a petition for post-conviction relief, any other alleged defect in the entire criminal proceeding, or thereafter face a closed door to post-conviction remedies occasioned by the doctrine of waiver. Poore v. State, 613 N.E.2d 478, 479 (Ind. Ct. App. 1993).

In this case, the trial court correctly pointed out that Trowbridge's alleged sentencing errors were addressed on direct appeal and in a subsequent post-conviction proceeding. Thus, we pointed out in the March 8, 2011 order that Trowbridge failed to establish a reasonable possibility that he was entitled to post-conviction relief. Therefore, we rejected his request to file a successive petition for post-conviction relief. Appellant's App. p. 30.

In sum, because Trowbridge has failed to demonstrate that he could prevail on his motion to correct erroneous sentence, we conclude that the trial court properly denied Trowbridge's motion and vacated the hearing that was originally set on that motion.

5

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., confur.