**Alphonso WASHINGTON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 45S03–0403–PC–114.

Supreme Court of Indiana.

March 10, 2004.

Alphonso Washington, Appellant Pro Se.

Stephen Carter, Office of Attorney General, Indianapolis, IN, Attorney for Appellee.

DICKSON, Justice.

The defendant, Alphonso Washington, seeks transfer from the order of the Court of Appeals granting the State's motion to dismiss the appeal before the filing of the appellant's brief. The dismissal was based upon the appellant's case summary which stated that the defendant was appealing from the denial of a motion to correct sentence that was filed with authorization after prior post-conviction proceedings. The Court of Appeals dismissed the appeal on grounds that the defendant failed to comply with Indiana Post–Conviction Rule 1(12), which permits the filing of such successive petitions only upon prior authorization by the court. We grant transfer and affirm the judgment of the trial court.

■ As we hold today in *Robinson v. State*, 805 N.E.2d 783 (Ind.2004), a motion to correct sentence pursuant to Indiana Code § 35–38–1–1 asserting a claim that is susceptible to determination from the face of the sentencing judgment is not in the nature of a post-conviction proceeding and is not subject to the requirement for prior authorization in P–C R. 1(2). *Id.* at 787–88. The defendant's appeal is not subject to dismissal on this grounds.

■ While the defendant's case summary identifies the appeal as challenging the denial of his motion to correct sentence, the defendant has not yet filed his appellant's brief, and we thus do not know whether he is challenging the abstract of judgment or the actual sentencing judgment of the trial court. Delaying this matter to permit further briefing is unnecessary because the abstract of judgment is not subject to attack by a motion to correct sentence, *Robinson*, 805 N.E.2d at 794, and the sentencing judgment here is adequate to designate pre-sentence credit time. Upon our examination of the trial court's order of judgment, however, we note that the trial court sentencing judgment states: "The defendant is given credit *for 140 days pretrial confinement time.*" (emphasis added). While identifying confinement time, the judgment does not separately designate the amount of credit time earned thereby. In *Robinson*, we hold today that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.* at 791–92. Applying this presumption, the defendant's sentencing judgment establishes that he is entitled to 140 days credit for time spent in pre-trial confinement plus 140 days of credit time.

If the defendant wishes to contest the accuracy of the sentencing judgment's declaration regarding the number of days in pretrial confinement, such a claim would be outside the face of the sentencing judgment. The motion to correct sentence may not be used to present such a claim. *Id.* at 786–87.

Regardless of whether the defendant's appeal from the denial of his motion to correct sentence seeks to challenge the abstract of judgment or the sentencing judgment itself, the result is the same. The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.