**Bernard HAMILTON, Petitioner–Appellant,**

v.

**John VANNATTA, Respondent–Appellee.**

No. 04–2800.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 23, 2004.*

Decided Nov. 29, 2004.

Bernard Hamilton, Bunker Hill, IN, Petitioner–Appellant Pro Se.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

---

* Appellee John VanNatta notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, MANION, and WOOD, Circuit Judges.

## ORDER

Bernard Hamilton petitioned for a writ of habeas corpus, arguing that the state trial court deprived him of credit time earned during his pretrial confinement. The district court denied his petition. We affirm the district court.

Hamilton pleaded guilty in an Indiana court in 1992 to voluntary manslaughter, and was sentenced to thirty-five years in prison. Prior to entry of the final judgment, Hamilton had spent 327 days in pretrial confinement. The judgment stipulates that he was "to be given credit for 327 days pretrial confinement time," but Hamilton contends that an Indiana statute requires that a trial court explicitly include in the judgment both credit for time served *plus* an equal amount of good time. In his petition for a writ of habeas corpus, Hamilton claims that the state judge who sentenced him violated his federal due process and equal protection rights by not complying with this statutory requirement. The district court concluded that Hamilton could not raise this claim without producing a copy of the judgment, which he did not do.

Indiana courts are statutorily required to include in the judgment of conviction "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind.Code § 35–38–3–2(b)(4). But the trial court's failure to comply with this statute did not deprive Hamilton of any credit time. Recently, the Supreme Court of Indiana clarified that while the statute requires trial courts to designate both the actual number of days served in pretrial confinement and the amount of good time earned during that period, there is an "appellate presumption" that judgments identifying only the number of days actually served "shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Robinson v. State*, 805 N.E.2d 783, 792 (Ind.2004). Although the court acknowledged that § 35–38–3–2(b)(4) "unequivocally declares that the trial court sentencing judgment 'must include' the amount of credit earned," the ruling makes it clear that the trial court commits only harmless error whenever it simply denotes the number of days served in pretrial confinement. *Robinson*, 805 N.E.2d at 791. The omission of a specific statement of Hamilton's good time on his sentencing judgment did nothing to deprive him of that time. The district court was thus correct to deny his petition for a writ of habeas corpus.

AFFIRMED.