**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WASHAUN JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-342 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
The Honorable Michael Jensen, Magistrate
Cause No. 49G20-0312-FA-212545

**November 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Washaun Jones appeals from the trial court's denial of his motion for modification of sentence. Jones raises two issues which we revise and restate as:

I. Whether the court erred in depriving Jones of credit time for "bad behavior" when it revoked his commitment to work release; and

II. Whether the abstract of judgment properly reflects Jones's conviction.

We reverse and remand.

The relevant facts follow. On July 18, 2005, Jones pled guilty to dealing in cocaine as a class B felony. The plea agreement indicated that Jones agreed to plead guilty to dealing in cocaine as a class B felony and that the State agreed to forego prosecution of counts of conspiracy to commit dealing in cocaine as a class A felony and possession of cocaine as a class A felony. The court accepted the plea agreement and sentenced Jones to twenty years in the Department of Correction (the "DOC"). Part I of the abstract of judgment listed Jones's conviction as a class A felony, while Part III stated that his conviction was for a class B felony. An entry on the chronological case summary ("CCS") stated that Jones was pleading guilty to a class B felony.

On March 27, 2009, Jones filed a motion for sentence modification. On June 12, 2009, the court modified Jones's sentence and ordered that he be placed in the Marion County Community Corrections work release program. On April 26, 2011, the State filed a notice of violation of community corrections against Jones. On May 19, 2011, the court held a hearing, Jones admitted the violation, and the court revoked his placement in community corrections and ordered that he serve the remainder of his sentence in the DOC. The court noted in its abstract of judgment as follows: "[Jones] is entitled to 2728

days for time spent in confinement before sentencing and an additional 2012 days for class one credit time. Total credit equals 4740 days. MCCC placement revoked. Court orders [Jones] be deprived of 716 days credit for bad behavior at work release. . . ." Appellant's Appendix at 46.

On November 28, 2011, Jones filed a motion for modification of sentence, and on March 16, 2012, the court denied Jones's motion.

I.

The first issue is whether the court erred in depriving Jones of credit time for "bad behavior" when it revoked his commitment to work release. Jones argues that "[t]he trial court exceeded its authority when it denied Jones credit time for what the trial court termed 'bad behavior' while on work release" because the law is clear that "the [DOC], not the trial court, has responsibility for denying or restoring credit time as an administrative function." Appellant's Brief at 4-5. Jones argues that the Indiana Supreme Court has held that although "the trial court, not the [DOC], makes the initial determination of credit time as of the date of sentencing," it also held that "the deprivation of credit time is the responsibility of the [DOC] and a defendant has a right to procedural due process protections." Id. at 5 (citing Robinson v. State, 805 N.E.2d 783, 792 (Ind. 2004)). The State agrees with Jones's position, noting in its brief that "[i]t is well established that it is the province of the [DOC] to deprive an inmate of credit time," that "[h]ere, the trial court did not have the authority to deprive [Jones] of the earned time credit," and that "[t]hus, the trial court's judgment should probably be reversed with instructions to vacate its order regarding the denial of [Jones's] credit time and to correct

3

the abstract of judgment and any determination regarding credit revocation should be left to the Marion County Sheriff." Appellee's Brief at 4, 6.

As acknowledged by both Jones and the State, this court addressed the issue raised by Jones in Campbell v. State, 714 N.E.2d 678 (Ind. Ct. App. 1999), reh'g denied. In Campbell, the issue was whether the trial court exceeded its statutory authority by denying the defendant's request for credit time for time served in the work release program before his violation. 714 N.E.2d at 680. The defendant in Campbell was ordered to serve two years in the work release program. Id. After several warnings by a staff member and being fired by his employer, the community corrections work release program notified the trial court that Campbell had violated the terms of his release. Id. at 681. Campbell admitted to the violations, and the trial court terminated his placement in work release and remanded him to the DOC for the balance of his sentence. Id. Campbell requested credit for the time he spent on work release; however, the trial court denied him any credit for time spent on work release. Id. On appeal, we observed that the issue required us to interpret Ind. Code § 35-38-2.6-5, id. at 681-682, and we held that only the DOC has the authority to deny credit time and that the trial court exceeded its authority when it denied Campbell credit time for time spent on work release. Id. at 683-684. Subsequently, the Indiana Supreme Court in Robinson corrected Campbell by stating that the trial court determines credit for time served as of the date of sentencing subject to modification by the DOC pursuant to statute, not that the DOC makes the initial determination of credit for time served.

We observe that Ind. Code §§ 35-38-2.6 governs placement in community corrections, and specifically Ind. Code § 35-38-2.6-5 states:

> If a person who is placed under this chapter violates the terms of the placement, the court may, after a hearing, do any of the following:
>
> (1) Change the terms of the placement.
>
> (2) Continue the placement.
>
> (3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Further, Ind. Code § 35-38-2.6-6 governs credit time and provides in part that a person placed in a community corrections program is entitled to credit time and may be deprived of that credit time "under rules adopted by the [DOC] under IC 4-22-2." I.C. § 35-38-2.6-6(b). Also, Ind. Code § 11-11-5-3 expressly permits the DOC to deprive a prisoner of earned credit time under Ind. Code § 35-50-6-5, which, under subsection (b), requires that before that deprivation of credit time occurs, the prisoner must be granted a hearing to determine guilt or innocence and is entitled to procedural safeguards.

Here, we agree with the position held by both Jones and the State that, under Campbell and Robinson, only the DOC may deny credit time under these circumstances. Thus, we conclude that the trial court exceeded its authority when it denied Jones's credit time for bad behavior, and we reverse and remand with instructions to vacate its order regarding the denial of Jones's credit time and to correct the abstract of judgment.

## II.

The second issue is whether the abstract of judgment properly reflects Jones's conviction. In his brief, Jones notes that "[o]n July 18, 2005, [he] pled guilty to one

count of Dealing in Cocaine as a Class B felony" as a lesser included offense pursuant to a plea agreement which stated as such and which is contained in the record,[1] that the CCS also notes that he pled guilty to a class B felony, and that although "[p]art 3 of the abstract of judgment issued on July 18, 2005, correctly notes that [he] pled guilty to a Class B felony . . . part 1 of the abstract of judgment records [that] this was a Class A felony." Appellant's Brief at 6-7. The State agrees with Jones, noting that "[t]he notation in Part 1 of the abstract of judgment that [Jones] pled to and conviction was entered under a class A felony therefore appears to be a scrivener's error." Appellee's Brief at 7. We agree and remand to the trial court to correct the error so that Jones's abstract of judgment reflects that he was convicted of dealing in cocaine as a class B felony. See Borum v. State, 951 N.E.2d 619, 632 (Ind. Ct. App. 2011) (noting that the defendant asked that this court remand and order the trial court to correct a scrivener's

---

[1] Specifically, Jones's plea agreement, filed on July 18, 2005, states:

3. **The defendant agrees to plead guilty to:**

DEALING IN COCAINE
    (LESSER INCLUDED CLASS "B" FELONY)
    (COUNT I)

4. **The State agrees to forego prosecution of the defendant on:**

CONSPIRACY TO COMMIT DEALING IN COCAINE
    (CLASS "A" FELONY)
    (COUNT II)

POSSESSION OF COCAINE
    (CLASS "A" FELONY)
    (COUNT III)

Appellant's Appendix at 92.

error on his abstract of judgment and judgment of conviction and that the State agreed with the defendant, and accordingly remanding for the correction).

For the foregoing reasons, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and PYLE, J., concur.