## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 05 2015, 10:16 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jennifer Harding,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 5, 2015

Court of Appeals Case No. 34A02-1408-CR-590

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Cause No. 34D01-0705-FB-294

---

**Mathias, Judge.**

[1]     Jennifer Harding ("Harding") appeals the sentence imposed following her termination from community corrections. Harding raises one issue, which we restate as whether the trial court erred in its determination of Harding's credit time when it ordered Harding to serve her suspended sentence.

We reverse and remand with instructions.

## Facts and Procedural History

On May 3, 2007, the State charged Harding with Class B felony dealing in cocaine. Harding pleaded guilty to the charge. On May 14, 2008, the trial court sentenced Harding to ten years, with one year executed in the Department of Correction and nine years suspended to probation. On the date of sentencing, Harding had accrued twenty-six credit days.

On December 21, 2009, and June 18, 2010, the State filed petitions to revoke Harding's suspended sentence, alleging that Harding had been arrested for subsequent crimes and had failed to stay in contact with her probation officer. Harding admitted to the allegations in the petitions, and on December 29, 2010, the trial court ordered Harding to serve her previously suspended sentence. Harding was credited with 302 days for the 151 actual days she served while she awaited sentencing.

Harding filed a petition to modify her sentence, which the trial court granted on May 1, 2012. The court ordered that the balance of Harding's sentence be suspended to supervised probation with its re-entry court program. On January 30, 2013, however, Harding was terminated from the program after she "conspired to mislead the Re-Entry Court Team."[1] Appellant's App. p. 56. The trial court ordered Harding to serve the suspended portion of her sentence

---

[1] The record is unclear as to the specific nature of Harding's deception.

which, at the time, was 3,285 days, with 1,928 days of credit time, for a balance of 1,357 days to be executed in community corrections home detention.

[6] Harding's home detention began on July 25, 2013, and continued until March 12, 2014, when it was discovered that her boyfriend, a convicted felon, was living in her home, in violation of the community corrections rules. At Harding's June 26, 2014 sentencing, the trial court determined that the remainder of Harding's suspended sentence now amounted to 907 days, with 210 credit days for the time Harding served while awaiting sentencing, for a balance of 697 days to be served. Harding filed a motion to correct error on July 25, 2014, which the trial court denied.

[7] Harding now appeals.

## Discussion and Decision

[8] Harding argues that the trial court erred in calculating her credit time and that she is entitled to an additional twelve days of credit time.

[9] Indiana Code section 35-38-2.5-5(e) provides that "[a] person confined on home detention as a condition of probation earns credit for time served." A person who is not a credit-restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I. Ind. Code § 35-50-6-4(a). A person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or is confined awaiting trial or sentencing. Ind. Code § 35-50-6-3.

[10] The parties agree that the suspended sentence imposed on Harding on May 14, 2008, was nine years or 3,285 days. The parties also agree that Harding accrued 1,928 credit days between May 14, 2008, and June 18, 2013. Finally, the parties agree that, at Harding's June 18, 2013, sentencing, the trial court miscalculated the balance of Harding's suspended sentence, ordering her to serve 1,367 days in community corrections instead of 1,357 days.

[11] Next, Harding argues that, subsequent to her June 2013 sentencing, she accrued 462 additional credit days for her in-home detention, noting that she "continued on In-Home Detention from July 25, 2013 through her date of arrest on March 13, 2014." Appellant's Br. at 4. The State argues, and we agree, that because community corrections filed a home detention violation and requested an arrest warrant for Harding on March 12, 2013, that day should *not* be included in the calculation of Harding's credit time. *Cf.* Ind. Code § 35-38-2.6-6(d) ("A person who is placed in a community corrections program under this chapter may be deprived of earned credit time as provided under rules adopted by the department of correction under IC 4-22-2."); *Robinson v. State*, 805 N.E.2d 783, 790 (Ind. 2004) ("credit time earned under Class I . . . is sometimes described as 'good time' credit because such credit is conditioned on the absence of bad conduct."). Therefore, we conclude that Harding is entitled to 460 days of credit time for her in-home detention, not 462, as she argues.

[12] As we stated above, at the June 18, 2013, sentencing, the trial court should have ordered Harding to serve 1,357 days. Because Harding served an additional 460 days on home detention between June 18, 2013, and March 12, 2014, the

remainder of her previously suspended sentence was 897 days. Harding served an additional 210 days from her arrest on March 13, 2014, to her sentencing on June 26, 2014. Therefore, on June 26, 2014, the remainder of Harding's sentence was 687 days.

[13] For all of these reasons, while we agree with the parties that the trial court miscalculated the balance of Harding's suspended sentence, we do not agree with Harding's contention that she is entitled to an additional day of credit, and associated "good time credit" for the day she violated the terms of her home detention. We reverse and remand with instructions that the trial court amend its sentencing statement consistent with this opinion.

[14] Reversed and remanded.

Najam, J., and Bradford, J., concur.