## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 15 2017, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin Govan
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Govan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 15, 2017

Court of Appeals Case No.
02A04-1608-CR-1880

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-0411-FB-196

**Vaidik, Chief Judge.**

# Case Summary

[1] Kevin Govan appeals the denial of his motion to correct erroneous sentence. Finding no error, we affirm.

# Facts and Procedural History

[2] In 2005, Govan was convicted of two counts of Class B felony criminal confinement. The trial court imposed a sentence of forty years, consisting of consecutive twenty-year terms on each count: fifteen years plus five years under Indiana Code section 35-50-2-11, which allows for sentence enhancements for certain offenses (including Class B felony criminal confinement) where a defendant "used a firearm in the commission of the offense." In June 2016, Govan filed a motion to correct erroneous sentence, claiming that the firearm enhancements are improper. The trial court denied the motion, and Govan now appeals.

# Discussion and Decision

[3] Govan contends that the trial court erred when it imposed the firearm enhancements and that it erred again when it denied his motion to correct erroneous sentence. A trial court can grant a motion to correct erroneous sentence only where an error is "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). "Claims that require consideration of the proceedings

before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[4] Govan challenges his firearm enhancements on two grounds, neither of which is convincing. First, he argues that the firearm-enhancement statute, Indiana Code section 35-50-2-11, allows only one enhancement to be imposed in any given case. The statute allows for the imposition of "an additional fixed term of imprisonment" on top of the base sentence for certain offenses if the defendant "used a firearm in the commission of the offense[.]" I.C. § 35-50-2-11. Govan reads the phrase "an additional fixed term"—singular—to mean that a trial court cannot impose multiple additional **terms**—plural—in one case, regardless of the number of offenses committed or the particular facts of the case. Govan does not cite any authority that interprets the statute the way he does, and we are not aware of any. To the contrary, the inclusion of the phrase "commission of the **offense**" (emphasis added) in the same provision indicates that the phrase "an additional fixed term of imprisonment" is simply a general reference to the enhancement of the sentence imposed for one offense. In other words, the plain text of the statute does not completely foreclose the imposition of multiple firearm enhancements when there are multiple offenses.

[5] Of course, the fact that the statute does not absolutely **prohibit** multiple enhancements in a single case does not mean that it **permits** multiple enhancements whenever a defendant is convicted of multiple enhancement-eligible crimes. Nor does it mean that multiple enhancements would survive a constitutional double-jeopardy analysis even if permitted by the bare text of the

statute. But determining whether multiple enhancements are permissible in a particular case would require us to know the specific facts of that case, which in turn would require us to venture beyond the face of the judgment.[1] Govan has not asked us to do that here, recognizing that we cannot do so on a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787; *see also* Appellant's Reply Br. pp. 4-5. The only argument Govan makes is that the text of Section 35-50-2-11 prohibits the imposition of multiple firearm enhancements in any one case as a matter of law, regardless of the facts. He is incorrect.[2]

[6] Govan's second argument is based on the requirement that any enhancement be sought "on a page separate from the rest of the charging instrument[.]" I.C. § 35-50-2-11. As Govan points out, the Judgment of Conviction indicates that the two enhancements were sought as "Part 2" of each of the two criminal-confinement counts. Appellant's App. Vol. II p. 12. Govan argues that the State was instead required to charge the enhancements as entirely separate "counts" against him. Appellant's Br. p. 9. But the statute does not include such a requirement. It merely directs the State to seek any firearm enhancement "on a page separate from the rest of the charging information," and Govan does not allege, let alone demonstrate, that the State failed to do so.

---

[1] For example, we would need to know whether the offenses being enhanced were part of a single criminal episode or transaction or instead were separate or unrelated.

[2] The General Assembly amended Section 35-50-2-11 while Govan's original criminal case was pending in 2005 and has amended it several times since, but Govan does not contend that any of the amendments are relevant to our decision.

[7]     Because any error in Govan's sentence is not "clear from the face of the judgment," *see Robinson*, 805 N.E.2d at 787, the trial court properly denied Govan's motion.

[8]     Affirmed.

Bailey, J., and Robb, J., concur.