## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2018, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Dennis Merritt Jr. | Curtis T. Hill, Jr. |
| Branchville, Indiana | Attorney General of Indiana |
| | George P. Sherman |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis R. Merritt, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 15, 2018

Court of Appeals Case No.
22A04-1712-CR-2936

Appeal from the Floyd Superior Court

The Honorable Maria D. Granger, Judge

Trial Court Cause No.
22D03-1307-FB-1370
22D03-1307-FB-1372

**Tavitas, Judge.**

# Case Summary

[1] Dennis Merritt Jr. appeals the trial court's denial of his motion for credit time. We affirm.

# Issue

[2] Merritt raises two issues, which we consolidate and restate as whether the trial court erred by denying Merritt's motion for credit time.

# Facts

[3] In February 2016, Merritt pleaded guilty to burglary, a Class B felony, and theft, a Class D felony, in Cause Number 22D03-1307-FB-1370 ("Cause No. FB-1370"). The trial court sentenced him to ten years in the Department of Correction ("DOC") with 694 days of credit for time served plus 694 days of good time credit. The trial court ordered this sentence to be concurrent with a sentence imposed in Cause Number 22D03-1307-FB-1372 ("Cause No. FB-1372"). In Cause No. FB-1372, Merritt pleaded guilty to two counts of burglary, as Class B felonies, and admitted to being a habitual offender. The trial court sentenced him to twenty years in the DOC with no credit for time served.

[4] On May 13, 2016, Merritt filed a motion for jail time credit in both causes, which the trial court denied on July 25, 2016. On July 26, 2016, Merritt filed a motion to correct jail time credit in both causes. Merritt argued that he was entitled to credit time in Cause No. FB-1372, not just in Cause No. FB-1370.

The trial court denied the motion on August 31, 2017. The trial court's order was reflected in the CCS on September 18, 2017.

[5] On October 11, 2017, Merritt filed a verified motion to proceed in forma pauperis and to file an appeal regarding the trial court's denial of the motion for jail time credit. On November 16, 2017, the trial court granted Merritt's motion to proceed in forma pauperis and to file an appeal regarding the trial court's denial of the motion for jail time credit. On November 16, 2017, the trial court also issued an amended abstract of judgment in Cause No. FB-1372 giving Merritt 694 days of credit for time served plus 694 days of good time credit. On December 8, 2017, Merritt filed a notice of appeal. The State filed a motion to dismiss Merritt's appeal as untimely, which a motions panel of this court denied.

## Analysis

[6] Merritt argues that the trial court erred by denying his motion for jail time credit.[1] Merritt's motion for jail time credit is essentially a motion to correct an erroneous sentence. *See* Ind. Code § 35-38-1-15 (discussing motions to correct an erroneous sentence). We review a ruling on a motion to correct an erroneous sentence only for an abuse of discretion. *Hobbs v. State*, 71 N.E.3d

---

[1] The State also argues that Merritt's appeal should be dismissed as untimely. Our motions panel considered and rejected that argument. "Although we are reluctant to overrule orders decided by the motions panel, we have inherent authority to reconsider any decision while an appeal remains in fieri." *John C. & Maureen G. Osborne Revocable Family Tr. v. Town of Long Beach*, 78 N.E.3d 680, 692 (Ind. Ct. App. 2017), *trans. denied*. Here, we decline to reconsider the motions panel's decision.

46, 48 (Ind. Ct. App. 2017), *trans. denied*. We will find an abuse of discretion if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

[7] Merritt argues that: (1) his trial counsel was ineffective for failing to advocate for the correct jail time credit; and (2) he was entitled to credit for time served and good time credit for both Cause No. FB-1370 and Cause No. FB-1372. In *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004), our supreme court clarified that only sentencing errors that fail to comply with statutory authority and "are clear from the face of the judgment imposing the sentence" may be raised in a motion to correct an erroneous sentence. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Robinson*, 805 N.E.2d at 787. Sentencing claims that are not facially apparent "may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[8] Consideration of both of Merritt's arguments would require analysis of matters beyond the face of the sentencing judgment, which may not be undertaken on a motion to correct an erroneous sentence following *Robinson*. Merritt's ineffective assistance of counsel claim would require us to consider his trial counsel's performance and prejudice resulting from any deficiencies, which are not matters evident on the face of the judgments.[2] Merritt's credit time

---

[2] We also note that Merritt did not present this argument to the trial court.

arguments would require consideration of the timing of his arrests, which is also not evident on the face of the judgments. Under these circumstances, the trial court did not err by denying his motion.[3]

## Conclusion

The trial court did not err by denying Merritt's motion for credit time. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.

---

[3] We also note that, on November 16, 2017, the trial court awarded Merritt credit time on Cause No. FB-1372, which appears to resolve Merritt's arguments.