# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2018, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reuben Nathaniel Wright, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 27, 2018 <br><br> Court of Appeals Case No. 18A-CR-1485 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Sarah K. Mullican, Judge <br><br> Trial Court Cause No. 84D03-1703-F3-859 |

**Sharpnack, Senior Judge.**

# Statement of the Case

Reuben Nathaniel Wright appeals the sentence the trial court imposed after Wright pleaded guilty but mentally ill to two counts of attempted aggravated battery, both Level 3 felonies.[1] He further admitted to being an habitual offender.[2] We reverse and remand with instructions.

# Issue

Wright raises one issue, which we restate as: whether there is an error in the abstract of judgment that requires correction.

# Facts and Procedural History

The State charged Wright with two counts of attempted aggravated battery and six other felonies, and with being an habitual offender, following an encounter with police officers and fire fighters. Wright and the State negotiated a plea agreement, pursuant to which Wright agreed to plead guilty but mentally ill to two counts of attempted aggravated battery and to being an habitual offender. The State agreed to dismiss the remaining charges. The parties further agreed to cap Wright's sentence at twenty years.

The trial court accepted the plea agreement. At the end of the sentencing hearing, the court told the parties that Wright would serve nine years on each

---

[1] Ind. Code §§ 35-42-2-1.5 (2014), 35-41-5-1 (2014).

[2] Ind. Code § 35-50-2-8 (2017).

Level 3 felony conviction, to be served concurrently, with one of those sentences enhanced by an additional eight years due to the habitual offender enhancement.

[5] The court further issued a sentencing judgment stating that Wright was sentenced to nine years on each Level 3 felony, to be served concurrently, and "[t]he sentence imposed in Count 1 herein shall be enhanced by a period of eight (8) years as a result of [Wright's] admission that he is an Habitual Offender." Appellant's App. Vol. 2, p. 111. Finally, the court issued an abstract of judgment,[3] but the abstract showed that the sentencing enhancement was applied to both Level 3 felony convictions. This appeal followed.

## Discussion and Decision

[6] Wright argues the abstract of judgment must be corrected because it appears that the habitual offender sentencing enhancement was erroneously applied to both Level 3 felony convictions. The State acknowledges the apparent scrivener's error and agrees "remand is appropriate." Appellee's Br. p. 8.

[7] In general, sentencing decisions are reviewed for an abuse of discretion. *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013). We review questions of law de novo. *Russell v. State*, 34 N.E.3d 1223, 1227 (Ind. 2015) (quotation omitted). "It is the court's judgment of conviction and not the abstract of judgment that is

---

[3] The abstract of judgment is "a form issued by the Department of Correction and completed by trial judges for the convenience of the Department." *Robinson v. State*, 805 N.E.2d 783, 792 (Ind. 2004).

the official trial court record and which thereafter is the controlling document." *Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004).

[8] Based upon our review of the sentencing transcript, the sentencing judgment, and the abstract of judgment, we conclude the oral pronouncement of sentence and the sentencing judgment most accurately reflect the trial court's stated intention to attach the habitual offender sentencing enhancement to the sentence for Count 1, the first count of attempted aggravated battery. Furthermore, even if the trial court had intended to apply the enhancement to both convictions, such an application would violate statutory requirements. *See* Ind. Code § 35-50-2-8 (the enhancement shall be attached "to the felony conviction with the highest sentence"). The trial court must issue an amended abstract of judgment that applies the habitual offender sentencing enhancement to Count I only.

# Conclusion

[9] For the reasons stated above, we reverse and remand to the trial court to issue an amended abstract of judgment.

[10] Reversed and remanded with instructions.

Najam, J., and Crone, J., concur.