## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 10 2017, 10:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

Zaki M. Ali
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Micheau,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 10, 2017

Court of Appeals Case No.
38A02-1606-PC-1356

Appeal from the Jay Circuit Court

The Honorable Patrick R. Miller, Special Judge

Trial Court Cause No.
38C01-0911-PC-05

**Crone, Judge.**

# Case Summary

Robert Micheau appeals the remedy chosen by the trial court when it granted his motion to correct erroneous sentence. Concluding that the trial court erred in granting Micheau's motion to correct erroneous sentence in the first place, we vacate the trial court's judgment in its entirety and remand with instructions to reinstate his convictions and sentences as they previously stood.

# Facts and Procedural History

Following a jury trial, Micheau was convicted of count 1, class B felony dealing in methamphetamine, count 2, class D felony possession of methamphetamine, count 3, class D felony dealing in a sawed-off shotgun, count 4, class A misdemeanor possession of marijuana, count 5, class C felony possession of chemical reagents or precursors with intent to manufacture a controlled substance, and count 6, class A felony attempted dealing in methamphetamine. The trial court sentenced Micheau to eighteen years for count 1, enhanced by ten years due to the possession of the sawed-off shotgun, three years for count 2, three years for count 3, one year for count 4, six years for count 5, and forty years for count 6, enhanced by ten years due to the possession of the sawed-off shotgun. The trial court ordered that the sentences be served concurrently for an aggregate sentence of fifty years.

Micheau appealed, and another panel of this Court affirmed his convictions and sentences for counts 1, 3, 4 and 6, and vacated his convictions and sentences for counts 2 and 5 on double jeopardy grounds. *See Micheau v. State*, 893 N.E.2d

1053, 1067 (Ind. Ct. App. 2008), *trans. denied* (2009). Micheau filed a petition for postconviction relief in November 2009. The postconviction court denied relief in part and granted relief in part in November 2012. Specifically, the postconviction court modified Micheau's conviction on count 6 to a class B felony, vacated the sentence enhancement, and resentenced him to twenty years on that count, to be served concurrently with the remaining sentences on counts 1, 3, and 4, for an aggregate sentence of twenty-eight years.

[4]     In June 2015, Micheau sought permission to file a successive petition for postconviction relief which was denied by this Court. Thereafter, in October 2015, Micheau filed a motion to correct erroneous sentence arguing that his conviction for count 3, class D felony dealing in a sawed-off shotgun, and his ten-year sentence enhancement on count 1 for possessing the same sawed-off shotgun, violated double jeopardy principles. The trial court denied the motion. Micheau filed a motion to correct error and, following a hearing, the trial court granted the motion to correct erroneous sentence and vacated Micheau's conviction and three-year sentence for count 3.

[5]     Thereafter, Micheau filed a second motion to correct error challenging the trial court's chosen remedy on his motion to correct erroneous sentence. Specifically, he asserted a new claim that he was entitled to a bifurcated trial on the sentence enhancement for count 1 pursuant to Indiana Code Section 35-50-2-13, and that because he did not receive a separate trial, he was entitled to have the ten-year enhancement vacated rather than having his conviction and three-

year sentence for count 3 vacated. The trial court subsequently denied the motion. This appeal ensued.

## Discussion and Decision

[6] Micheau appeals the trial court's ruling on his motion to correct erroneous sentence. Our supreme court has held that

> a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after a trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Indeed, the court has "repeatedly cautioned" that a motion to correct erroneous sentence is an available remedy only when a sentence is erroneous on its face, and such motion must be "narrowly confined" and "strictly applied" to claims apparent from the face of the sentencing judgment. *Id.* at 787-88. "As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings." *Id.*

[7] Here, in his motion to correct erroneous sentence, Micheau argued that his conviction for count 3 and his sentence enhancement on count 1 violated double jeopardy principles. Such a claim is clearly beyond the purview of a motion to correct erroneous sentence, as it requires consideration of matters

outside the face of the sentencing judgment. In short, a double jeopardy claim does not meet the "erroneous on its face" standard. *See id*. at 787. Because Micheau's claim was improperly raised by a motion to correct erroneous sentence, it was error for the trial court to consider the merits of his double jeopardy claim and to grant the motion to correct erroneous sentence on that basis. Accordingly, we vacate the trial court's judgment in its entirety and remand with instructions to reinstate Micheau's convictions and sentences as they previously stood.

[8] Vacated and remanded.

Baker, J., and Barnes, J., concur.