## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jamie C. Carson, Sr.
Pendleton Correctional Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jamie C. Carson, Sr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

July 31, 2017

Court of Appeals Case No.
49A02-1610-CR-2337

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

The Honorable Anne Flannelly, Magistrate

Trial Court Cause No.
49G04-9910-PC-189843

**Crone, Judge.**

# Case Summary

Jamie C. Carson, Sr., appeals the trial court's denial of his motion to correct erroneous sentence. Carson claims that the trial court erred in denying his motion. Finding no error, we affirm.

# Facts and Procedural History

On October 28, 1999, Carson committed the crimes, involving two separate victims, from which this appeal stems. Carson was originally charged with thirty-seven counts. On November, 30, 2000, the State amended the information and charged Carson with two counts of class A felony criminal deviate conduct, class A felony robbery, class A felony attempted robbery, two counts of class B felony criminal confinement, and class A misdemeanor carrying a handgun without a license. Following a bench trial, the trial court found Carson guilty of all seven charges. The trial court imposed an aggregate sentence of 120 years.

Carson appealed, and this Court affirmed his convictions and sentence. *Carson v. State*, No. 49A05-0206-CR-260 (Ind. Ct. App. May 28, 2003), *trans. denied*. Thereafter, Carson sought postconviction relief. Another panel of the court concluded that appellate counsel offered ineffective assistance for failing to argue that the sentences on counts 4 and 5 violated the consecutive sentencing statute, and remanded with instructions to enter a sentence of fifty-five years for counts 4 and 5. *Carson v. State*, No. 49A05-1502-PC-69, 2015 WL 8479530, at *12-13 (Ind. Ct. App. Dec. 10, 2015), *trans. denied* (2016).

[4] On September 9, 2016, Carson filed a motion to correct erroneous sentence, claiming that his sentence violated double jeopardy principles. The trial court denied the motion that same day. This appeal followed.

## Discussion and Decision

[5] Carson appeals the trial court's ruling on his motion to correct erroneous sentence. Our supreme court has held that

> a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after a trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). We recently held that a double jeopardy claim does not meet the "erroneous on its face" standard because it requires consideration of matters outside the face of the sentencing judgment. *Micheau v. State*, 74 N.E.3d 567, 569 (Ind. Ct. App. 2017)*, trans. denied*. Therefore, we affirm.

[6] Affirmed.

Baker, J., and Barnes, J., concur.