## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Kinnel
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Kinnel,
*Appellant-Petitioner,*

v.

State of Indiana,
*Appellee-Respondent.*

August 17, 2018

Court of Appeals Case No.
49A05-1708-CR-1892

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
CR82156E

**Bailey, Judge.**

# Case Summary

[1] Charles Kinnel ("Kinnel") brings this *pro se* appeal from the denial of his motion to correct error, which related to the denial of his motion to correct a facially erroneous sentence pursuant to Indiana Code Section 35-38-1-15. Kinnel argues that the trial court abused its discretion by declining to correct the alleged sentencing error. We affirm.

# Facts and Procedural History

[2] In the 1980s, Kinnel was convicted of murder, robbery, and conspiracy to commit robbery, and received an aggregate sentence of 110 years in prison. Kinnel's direct appeal was unsuccessful, but he later obtained post-conviction relief that resulted in a vacated sentence with respect to the robbery conviction. Kinnel eventually brought the instant motion to correct erroneous sentence, which the trial court denied. The trial court then denied Kinnel's motion to correct error. Although Kinnel initially filed a belated appeal that resulted in its dismissal, this Court reinstated the appeal upon Kinnel's request.

# Discussion and Decision

[3] Generally, we review a ruling on a motion to correct error "only for abuse of discretion." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). "But when . . . a motion to correct error depends on a question of law, we review the trial court's resolution of that question *de novo*." *Id.* In this case, the motion to correct error involved the denial of a motion to correct erroneous sentence.

[4] Independent of pursuing a direct appeal or seeking post-conviction relief, an individual may challenge his sentence by filing a motion to correct erroneous sentence in accordance with Indiana Code Section 35-38-1-15. *See Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). A court may grant the motion "only when the sentence is erroneous on its face." *Id.* (quotation marks omitted). That is, where "sentencing errors . . . are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id.* at 787. Thus, a motion to correct erroneous sentence is improper where its resolution would require "reference to other matters in or extrinsic to the record." *Id.* at 787-88.

[5] At bottom, Kinnel argues that his sentence is erroneous due to double jeopardy principles. That is, Kinnel asserts that his conspiracy to commit robbery conviction was elevated to a Class A felony because of the same act of murder supporting his murder conviction, in violation of his rights. Yet, evaluating a claim of double jeopardy requires reference to offense-specific facts that are not apparent from the face of the judgment. *See, e.g.*, *Richardson v. State*, 717 N.E.2d 32, 50-55 (Ind. 1999) (articulating tests for double jeopardy). Kinnel attempts to escape this issue by arguing that the trial court should have entered a more specific judgment showing that he was convicted of "murder **in the commission of robbery**" instead of just "show[ing] that he was convicted of murder." Appellant's Br. at 7 (emphasis added). Yet, even if the judgment contained the additional language Kinnel suggests, there would still be no facially apparent violation of double jeopardy principles. Rather, to evaluate alleged error of this nature, the trial court would need to examine the facts supporting the murder

conviction and the elevation, including whether there were separate victims. *See id.* at 56 (Sullivan, J., concurring) (articulating the analysis for a double jeopardy claim involving an enhancement "for the very same behavior or harm as another crime for which the defendant has been convicted and punished," in which case no relief would be provided "where separate victims are involved").

[6] Ultimately, based upon Kinnel's motion to correct erroneous sentence, Kinnel would be entitled to relief only after consideration of the merits of his claim of double jeopardy—an allegation of error that cannot be addressed by referring only to the face of the judgment. Thus, the trial court could not have properly corrected Kinnel's sentence upon a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787 ("[T]he 'facially erroneous' prerequisite should henceforth be strictly applied."); *see also Micheau v. State*, 74 N.E.3d 567 (Ind. Ct. App. 2017) (vacating the trial court's grant of relief on double jeopardy grounds where the double jeopardy issue was raised in a motion to correct erroneous sentence), *trans. denied*.[1] Accordingly, the trial court did not abuse its discretion by denying Kinnel's motion to correct error and underlying motion.

---

[1] Directing us to *Woodcox v. State*, 30 N.E.3d 748 (Ind. Ct. App. 2015), Kinnel asserts that a court may nevertheless look beyond the face of the judgment when doing so serves the interests of justice. However, Kinnel's reliance on *Woodcox* is misplaced. There, this Court looked beyond a facially defective sentencing judgment to prevent an unjust "sentencing windfall"—where the facial defect arose from a clerical error showing a conviction for a Class B felony instead of the actual Class A felony. *See Woodcox*, 30 N.E.3d at 752-53. Nonetheless, it is not as though Kinnel lacks a procedural vehicle to pursue his claim, as he may seek authorization to file a successive petition for post-conviction relief. *See* Ind. Post-Conviction Rule 12.

Affirmed.

Mathias, J., and Bradford, J., concur.